UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1074-PPS-JEM |
| NOLAND, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. [DE 9]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that, on December 11, 2023, around 9:30 p.m., an officer came to his cell and said Johnson had legal mail. [DE 9 at 4]. Johnson uses a wheelchair, and he asked the officer to bring him the wheelchair so he could get his mail. The officer refused, indicating that he was following Sgt. Noland's directive. Sgt. Noland knows that Johnson is disabled and needs to use a wheelchair. To access his wheelchair without assistance, Johnson must either crawl or hop on one leg for a substantial

distance, stopping frequently due to pain. Sgt. Noland apparently thinks this is funny. Johnson alleges that Sgt. Noland was deliberately indifferent to his known medical needs when he directed the officer not to bring Johnson his wheelchair.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving Johnson the inferences to which he is entitled at this stage of the case, he has alleged a serious medical need in connection with his mobility problems. He claims that Sgt. Noland was aware of his need for a wheelchair to move about but refused to allow him to use it, resulting in unnecessary pain and suffering. Therefore, I find that Johnson may proceed on a claim for damages against Sgt. Noland under the Eighth Amendment.

Johnson also claims that Sgt. Noland violated the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12131–12134, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Prisons and correctional facilities are

public entities within the purview of Title II. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). Officials can be sued under the ADA for declaratory and injunctive relief. *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004). Where an inmate seeks monetary damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C`. § 701, given the uncertainty about the availability of damages under Title II and because the relief available is "coextensive." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). Under the Rehabilitation Act, damages are available against a state that accepts federal assistance for prison operations, as all states do. *Id.* To state a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity or otherwise discriminated against him because of his disability.[1] *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). "Refusing to make reasonable accommodations is tantamount to denying access[.]" *Jaros*, 684 F.3d at 672 (citation omitted). Additionally, a plaintiff can establish intentional discrimination through a showing of deliberate indifference. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 863 (7th Cir. 2018). In other words, discrimination occurs when the defendant knows that a violation of these rights is "substantially likely" yet fails to act. *Id.* (citation omitted). A claim

---

[1] "[W]ith respect to this lawsuit, the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros*, 684 F.3d at 671; *see also Conners v. Wilkie*, 984 F.3d 1255, 1260 (7th Cir. 2021) (noting that the standards under the ADA and the Rehabilitation Act are the same except that under the Rehabilitation Act "the plaintiff's disability must be the *sole* reason for the alleged discriminatory action" while the ADA "requires only that [it] be *a* reason for the challenged action") (emphasis in original).

under either the ADA or Rehabilitation Act cannot be brought against individual employees. Any claim under these statutes is a claim against the state agency itself.[2] *See Jaros*, 684 F.3d at 670. Therefore, Johnson may not proceed against Sgt. Noland on a claim pursuant to the ADA or Rehabilitation Act. However, because access to mail is a service, he will be permitted to proceed against the Indiana Department of Correction, which is an arm of the state. *See Lembach v. Indiana*, 987 F. Supp. 1095, 1097 (N.D. Ind. 1997) ("the IDOC is an arm of the State of Indiana, since it is established as part of the executive branch of state government"). The State of Indiana will be dismissed as duplicative of his claim against the IDOC.

Johnson is also suing Sgt. Noland for opening his legal mail in front of him and copying it, in accordance with policy established by Assistant Warden Gann and the IDOC. He has also allegedly provided Johnson with incomplete copies of court orders. Johnson further alleges that Sgt. Noland has marked mail received from the court as "refused" and returned it instead of giving it to Johnson. Johnson indicates that this caused him to miss deadlines, but he has provided no further details.

Johnson asserts that these actions violate his rights under the First Amendment. "The Supreme Court has recognized that prisoners have protected First Amendment

---

[2] It is unclear whether Johnson will need to demonstrate direct liability or whether respondeat superior applies. This issue has not yet been decided by the Seventh Circuit. *Ravenna v. Vill. of Skokie*, 388 F. Supp. 3d 999, 1005 (N.D. Ill. 2019) (holding that, to prevail, the plaintiff would need to show that an official with authority to take corrective action had actual knowledge of the alleged wrongdoing); *Royer v. City of Elkhart*, No. 3:22-CV-254 JD, 2022 WL 17600377, at *16 (N.D. Ind. Dec. 13, 2022) (requiring a showing of direct liability).

4

interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* However, "merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support […] a cause of action grounded upon the First Amendment." *Id.*

Publicly filed court orders are not entitled to heightened constitutional protection in prisons. Constitutionally protected legal mail is defined as letters that are marked with an attorney's name and that provide a warning that the letter is legal mail. *Kaufman v. McCaughtry,* 419 F.3d 678, 686 (7th Cir. 2005) ("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence."). Johnson has not identified any document that qualifies as legal mail. The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that jail officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). Johnson has only described a general policy whereby mail is opened by custody staff and copied for the inmate prior

5

to disposal. This regulation is not content-based and does not appear to have implicated Johnson's right to counsel.

It likewise cannot be plausibly inferred from the allegations in Johnson's complaint that the handling of Johnson's mail implicated Johnson's right to access the courts. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the

6

defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Johnson has not pointed to any specific legal action that was prejudiced by Sgt. Noland's actions. To the extent that Sgt. Noland's photocopying was sloppy and some information was missing, that amounts to mere negligence and will not support a claim of denial of access to the courts, even if a meritorious claim was prejudiced. Thus, Johnson cannot proceed against Sgt. Noland on a claim for mail interference or denial of access to the courts.

For these reasons, the Court:

(1) **GRANTS** Christopher M. Johnson leave to proceed against Sgt. Noland in his individual capacity for compensatory and punitive damages for denying him access to his wheelchair on December 11, 2023, resulting in unnecessary pain and suffering, in violation of the Eighth Amendment;

(2) **GRANTS** Christopher M. Johnson leave to proceed against the Indiana Department of Correction for compensatory and punitive damages for denying him reasonable accommodations necessary to receive his legal mail, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** the State of Indiana and Assistant Warden Gann;

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Noland at the Indiana Department of Correction and

the Indiana Department of Correction, with a copy of this order and the complaint [DE 9];

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of Sgt. Noland, if he does not waive service and it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. Noland and the Indiana Department of Correction to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: February 24, 2025.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT