UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. JOHNSON,

    Plaintiff,

        v.                                             CAUSE NO. 3:23-CV-1074-PPS-JEM

NOLAND, *et al.*,

    Defendants.

## **OPINION AND ORDER**

Christopher M. Johnson, a prisoner without a lawyer, is proceeding in this case "against Sgt. Noland in his individual capacity for compensatory and punitive damages for denying him access to his wheelchair on December 11, 2023, resulting in unnecessary pain and suffering, in violation of the Eighth Amendment." [DE 27 at 7]. On July 6, 2025, the defendants filed a motion for summary judgment, arguing Johnson did not exhaust his available administrative remedies before filing this lawsuit. [DE 39]. With the motion, the defendants provided Johnson the notice required by N.D. Ind. L.R. 56-1(f). [DE 43]. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. Johnson did not file any response by the deadline. On August 13, 2025, Johnson's deadline to respond was extended to

September 10, 2025, and he was cautioned that if he did not respond by that deadline the summary judgment motion may be ruled on as unopposed. [DE 44]. That deadline passed over two months ago, but Johnson still has not responded to the defendants' summary judgment motion. Therefore, I will now rule on the defendants' unopposed summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

      The defendants argue Johnson did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any relevant grievance. [DE 42]. Specifically, the defendants provide Johnson's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. [DE 39-1 at 2]. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. [*Id.* at 3; DE 39-2 at 3]. Johnson knew of the requirements of the Offender Grievance Process, as he was informed and provided information about the grievance process during his intake at WCF and a current copy of the Offender Grievance Process was available to him in the law library. [DE 39-1 at 6]. Johnson also demonstrated his understanding of the Offender Grievance Process by submitting numerous grievances at WCF. [*Id.* at 9-10]. However, Johnson's grievance

---

[1] Because Johnson has not responded to the defendants' summary judgment motion, I accept these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

records show he never submitted any grievance relating to his claim that Sgt. Noland denied him access to his wheelchair on December 11, 2023. [*Id.*]

Here, the defendants have met their burden to show Johnson did not exhaust his available administrative remedies before filing this lawsuit, as it is undisputed Johnson had knowledge of and access to the Offender Grievance Process but never filed any relevant grievance before filing this lawsuit. There is no evidence in the record that Johnson ever submitted or attempted to submit any relevant grievance, or that his administrative remedies were in any way unavailable. Therefore, because the defendants have met their burden to show Johnson did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the Court:

(1) **GRANTS** the defendants' motion for summary judgment [DE 39]; and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Christopher M. Johnson and to close this case.

**SO ORDERED**.

ENTERED: November 20, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT